**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **JERRY JAMGOTCHIAN, et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|     vs. ) | Cause No. 1:16-cv-2344-WTL-TAB |
| ) | |
| **INDIANA HORSE RACING COMMISSION,** ) | |
|    et al., ) | |
| ) | |
|   Defendants. ) | |

**ENTRY ON MOTION FOR ATTORNEYS FEES AND COSTS**

This cause is before the Court on the Plaintiffs' motion for attorneys fees and costs (Dkt. No. 43).[1] The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion to the extent and for the reasons set forth below.

## I. BACKGROUND

On August 31, 2016, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief, naming as Defendants the Indiana Horse Racing Commission and representatives of the Commission in their official capacities. Count I asserted a claim for a declaratory judgment that the "claiming jail" rule set forth in Title 71, IAC § 6.5-1-4(i) (now Section 4(h)) violated the dormant Commerce Clause found in Article 1, Section 8 of the United States Constitution, as well as the due process and equal protection clauses of the Fourteenth Amendment. Counts II and III asserted claims for injunctive relief under the Constitution and under 42 U.S.C. § 1983 for these same violations.

---

[1]The Clerk already has taxed costs in the amount of $1,654.74. *See* Dkt. No. 45.

On October 21, 2016, the Plaintiffs filed their motion for summary judgment on their Commerce Clause claims. On November 18, 2016, the Defendants sought an extension of time to respond to Plaintiffs' Motion, which the Court granted. On February 1, 2017, after obtaining written discovery from the Plaintiffs, the Defendants filed a Response to the Plaintiffs' motion, and the Defendants filed a Cross-Motion for Summary Judgment. The Plaintiffs filed a reply on March 1, 2017. On March 31, 2017, the Plaintiffs filed a Response to Defendants' Cross-Motion, and the Defendants replied on April 21, 2017. The Court granted the Plaintiffs' motion and denied the Defendants' motion on September 20, 2017.

Pursuant to Fed. R. Civ. P. 54(d), Local Rule 54-1 and 42 U.S.C. § 1988, the Plaintiffs now request attorneys fees and costs of $64,823.52 and their recoverable costs beyond those already sought in their Bill of Costs (Doc. No. 42) in the amount of $498.48.

## II.　　STANDARD

The Civil Rights Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988, provides, in relevant part:

> In any action or proceeding to enforce a provision of section 1981, 1981a, 1982, 1983, 1985 and 1986 of this title . . ., the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b). Section 1988's "overriding goal [is] to reimburse with a reasonable attorneys' fee those who as 'private attorneys general' take it upon themselves to invoke and thereby invigorate federal constitutional and statutory rights." *Charles v. Daley*, 846 F.2d 1057, 1063 (7th Cir. 1988). An award of attorneys fees thus both "reimburses a plaintiff for 'what it cos[t] [him] to vindicate [civil] rights,' and holds to account 'a violator of federal law.'" *Fox v.*

*Vice*, 563 U.S. 826, 833 (2011) (citations omitted). Violations of the dormant Commerce Clause are cognizable. § 1983. *Nat'l Solid Waste Mgmt. Assoc. v. Meyer*, 63 F.3d 652, 662 n.11 (7th Cir. 1995) (citing *Dennis v. Higgins*, 498 U.S. 439, 446 (1991)).

The calculation of an attorney's fee award involves four general steps: (1) establishment of a reasonable hourly rate; (2) tabulation of attorney hours reasonably expended on the case; (3) multiplication of these two numbers to reach a "lodestar" figure; and (4) reduction of this amount (where appropriate) to account for limited success. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564-65 (1986). A fee petitioner is required to exercise billing judgment, that is, to submit sufficient fee documentation with adequate explanation in order to provide the court with a basis for evaluating the claim and to submit a request for fees that is limited to reasonable expenses and eliminates excessive, redundant, or otherwise unnecessary time. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550-52 (7th Cir. 1999). To assist the court in fulfilling its obligation, the party seeking fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Id.* at 550 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

### III. DISCUSSION

The Defendants admit that the Plaintiffs were the prevailing parties and are entitled to an award of reasonable attorneys fees. However, the Defendants raise several objections to the Plaintiffs' request. Each is addressed below.

**A. Entry That Includes Pennsylvania Case**

The Defendants first challenge an entry in which the Plaintiffs seek $1,924.00 for the following: "Prepare discovery responses in Indiana case, prepare discovery for Indiana case; *prepare Rule 26(a)(1) for Pennsylvania case*; prepare Preliminary Witness Exhibit List and[sic]

3

Indiana case." Dkt. No. 44-2 at. 2 (emphasis added). The Plaintiffs acknowledge that the inclusion of time on the Pennsylvania case was an error but indicate that no more than one-half hour would have been attributed to the Pennsylvania disclosures. The Court, having reviewed the exhibits that the Plaintiffs attach in support of this assertion, finds this explanation and estimate credible and subtracts 0.5 hours ($260.00) from that time entry.

### B. Fees for Travel to Indianapolis

The Defendants also challenge the following:

> 8.0 hours billed at a rate of $520 for a total of $4,160.00 for "Travel to
> and from Indiana; take deposition of Mike Smith and Tim Day." [ECF 44-2, p. 3.]
> Plaintiff additionally requests $498.48 in costs for attorney Hunger for travel,
> lodging, and dinner in Indianapolis. [ECF 44-2, p. 4.]

Dkt. No. 46 at 3. The Defendants argue that travel time and travel expenses are unnecessary because the Plaintiffs did not need out-of-town counsel. There is no prohibition on recovery of fees by an out-of-town attorney, and a single trip to Indianapolis to conduct depositions is not unreasonable. Further, the Seventh Circuit has held that "expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in his hourly billing rates—expenses for such things as postage, long-distance calls, xeroxing, travel, paralegals, and expert witnesses—are part of the reasonable attorney's fee allowed by the Civil Rights Attorney's Fees Awards Act." *Heiar v. Crawford Cty., Wis.*, 746 F.2d 1190, 1203 (7th Cir. 1984). These expenses are thus authorized by § 1988. As such, the Court rejects the Defendants' challenge to these fees and expenses.

### C. Fees for West Virginia Hearing

The Defendants also argue that the Court should not award fees for the time that Plaintiffs' counsel spent on an administrative proceeding in West Virginia. The Court agrees. The administrative hearing was not a proceeding to enforce the Plaintiffs' rights under § 1983.

*See New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 60 (1980). Nor was it a proceeding that was necessary to the Plaintiffs' claims in this lawsuit. *See id.* Rather, the proceeding came about due to Indiana's unconstitutional enforcement of its claiming jail rule. Because the Plaintiffs were not required to appear in West Virginia to enforce their constitutional rights or exhaust any state law remedies, the Plaintiffs are not entitled to recover these costs as attorneys fees for the West Virginia proceeding. As such, the Court disallows 20.7 hours for Andrew Jenkins ($7,762.50) and 2.1 hours for Joel Turner ($934.50) for their work on the West Virginia administrative hearing.

### D. Hourly Billing Rates

The Defendant also argues that the billing rates of Alan Brown, Barry Hunter, Joel Turner, and Meredith Norman are too high and should be lowered to $350 per hour for each attorney. The hourly rate for each attorney ranged from $405 to $520.

A reasonable hourly rate is "one that is derived from the market rate for the services rendered." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (internal quotation marks omitted). If the attorney has an actual billing rate that he or she typically charges and obtains for similar litigation, that is presumptively his hourly rate. *Id*. "Only if an attorney is unable to provide evidence of her actual billing rates should a district court look to other evidence." *Mathur v. Bd. of Trustees of S. Illinois Univ.*, 317 F.3d 738, 743 (7th Cir. 2003). Here, the Plaintiffs have provided evidence that the hourly rates are the actual market rates that Frost Brown Todd LLC bills to its clients. The Court finds that those rates are reasonable and are the proper rates to use in calculating the lodestar.

5

## IV. CONCLUSION

For the reasons explained above, the Court awards $56,365.00 for attorneys fees and non-statutory costs related to this matter.

**SO ORDERED: 6/4/18**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.